# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS OUSLEY-BROWN, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 1:24-cv-03019 |
| v. | ) ) | Hon. Manish S. Shah |
| MV TRANSPORTATION, INC., a California corporation, | ) ) ) | Magistrate Judge Beth W. Jantz |
| *Defendant*. | ) ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's May 23, 2024 Minute Order (Dkt. 12), The Parties respectfully submit the following Joint Status Report:

**1.** **The Nature of the Case**

    **a.** **Attorneys of Record.**

Counsel for Plaintiff are Paul T. Geske, Andrew T. Heldut, and Colin P. Buscarini of McGuire Law, P.C.

Counsel for Defendant are Orly Henry and David Kruger of Littler Mendelson, P.C.

    **b.** **Basis For Federal Jurisdiction.**

Defendant removed this case to federal court from the Circuit Court of Cook County, Illinois pursuant to to 28 U.S.C. §§ 1441, 1446, asserting that the Court has federal subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). The Parties do not dispute that this matter is a putative class action in which there are at least 100 members of the proposed class, the amount in controversy exceeds $5 million, and minimal diversity is

1

satisfied. Plaintiff is a citizen of Illinois, and Defendant MV Transportation, Inc. is a citizen of California and Texas.

    **c.**    **Nature of the Claims Asserted in the Complaint.**

This matter is a putative class action involving claims under the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1, *et seq*. Plaintiff alleges that Defendant, a provider of paratransit and passenger transportation services, violated Section 25 of GIPA by unlawfully requesting genetic information, namely, family medical histories, as a condition of employment or as part of a preemployment application.

Defendant denies that it has any liability under GIPA as to Plaintiff or any putative class member. As set forth in Defendant's Motion to Dismiss (Dkt. 15), Plaintiff's GIPA claims are preempted by federal law—specifically, U.S. Department of Transportation driver qualification requirements. Even setting that aside, family medical history was not solicited during Plaintiff's physical examination. Defendant has not asserted any counterclaims at this time.

    **d.**    **Major Legal And Factual Issues**

**Plaintiff's position:** Plaintiff anticipates that the major legal and factual issues in this case will center on the appropriateness of class certification under Federal Rule 23(a) and (b)(3) and whether, and to what extent, Defendant violated GIPA, including: whether Defendant directly or or indirectly solicited Plaintiff's genetic information; whether the request for genetic information was a condition of employment or made as part of a preemployment application; and whether Defendant's alleged violations of GIPA were negligent, intentional, or reckless.

**Defendant's position:** In addition to the major legal and factual issues set forth by Plaintiff above, with which Defendant agrees, Defendant adds the following issues: Whether Plaintiff's and/or the putative class members' GIPA claims are preempted by federal law, including the U.S.

Department of Transportation driver qualification requirements and the Labor Management Relations Act; Whether Plaintiff and the putative class members have suffered a concrete injury sufficient to confer standing; The appropriate statute of limitations for GIPA claims; If Plaintiff establishes a violation of GIPA, the appropriate measure of damages; Whether any information solicited or received constituted "Genetic information" as defined by 45 C.F.R. § 160.103; and Whether any "Genetic information" received was misused in any way.

  e. **Relief Sought By Plaintiff**

Plaintiff seeks entry of an order certifying the class proposed in the complaint; a declaration that Defendant's conduct as alleged in the complaint constitutes a violation of GIPA; an award of statutory damages of $2,500 for each of Defendant's negligent violations of GIPA pursuant to 410 ILCS 513/40(a)(1); an award of statutory damages of $15,000 for each of Defendant's reckless or intentional violations of GIPA pursuant to 410 ILCS 513/40(a)(2); an award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3); an award of pre-judgment and post-judgment interest; injunctive or other equitable relief; and such further and other relief as the Court deems reasonable and just.

Defendant denies that Plaintiff is entitled to the relief sought.

**2.** **Pending Motions and Case Plan**

  a. **Identify All Pending Motions.**

Defendant filed a motion to dismiss pursuant to Federal Rule 12(b)(6) (Dkt. 15). The bases for the motion are (1) Plaintiff's and the putative class's GIPA claims are preempted by the U.S. Department of Transportation's driver qualification requirements; and (2) the medical records relevant to Plaintiff's claims demonstrate that Plaintiff's family medical history was not solicited during the physical examination.

Also pending is Defendant's related motion for leave to file certain exhibits to motion to dismiss under seal (Dkt. 14). Defendant seeks leave to file two exhibits to the motion to dismiss under seal because they contain extensive Protected Health Information and Personal Identificable Information.

**b. Submit A Proposal For A Discovery Plan**

Plaintiff's Proposed Discovery Plan:

**i. The general type of discovery needed;**

Plaintiff anticipates the need for oral, written, and expert discovery related to Defendant's process for onboarding employees, including what information is solicited, requested, or required as a condition of employment or as part of any preemployment application, as well as other information relevant to the prerequisites to class certification under Federal Rule 23. Plaintiff believes discovery should begin immediately.

**ii. A date for Rule 26(a)(1) disclosures;**

June 14, 2024

**iii. A date to issue written discovery;**

June 28, 2024

**iv. A fact discovery completion date;**

30 days after a ruling on Plaintiff's motion for class certification.

**v. An expert discovery completion date; and**

45 days after completion of all fact discovery.

**vi. A date for the filing of dispositive motions.**

60 days after a ruling on Plaintiff's motion for class certification.

Defendant's Proposed Discovery Plan:

Defendant believes its Motion to Dismiss will dispose of the entire case with prejudice. Thus, in the interest of efficiency and preserving resources, discovery should not begin unless and until the Motion to Dismiss is denied and the Parties are at issue.

In the event the Motion to Dismiss is denied, and because this is a putative class action, Defendant proposes that discovery in this case proceed in two separate phases. Phase One Discovery shall focus on the appropriateness of class certification. Phase One Discovery must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Phase Two Discovery would be the remaining merits-based discovery. Once class certification is decided, the Court will schedule an additional conference with the Parties to address entering a new discovery order addressing any additional merits discovery needed, as necessary.

  **c.** **With Respect To Trial, Indicate Whether A Jury Trial Is Requested And The Probable Length Of Trial.**

Plaintiff has requested a jury trial. (Dkt. 1-1 at 5). The Parties anticipate that the probable length of a trial in this matter is seven to ten trial days if this matter is tried as a class action.

**3.** **Consent to Proceed Before a Magistrate Judge**

  **a.** The Parties do not unanimously consent to proceed before a Magistrate Judge.

**4.** **Status of Settlement Discussions**

  **a.** The Parties have not yet had settlement discussions.

  **b.** The Parties do not request a settlement conference at this time, but wish to reserve the option to do so at a later date.

| | |
|---|---|
| Dated: May 31, 2024 | Respectfully submitted, |
| CARLOS OUSLEY-BROWN, individually and on behalf of similarly situated individuals | MV TRANSPORTATION, INC. |
| By: /s/ *Andrew T. Heldut* <br> One of Plaintiff's Attorneys | By: /s/ *Orly Michal Henry* (with permission) <br> One of Defendant's Attorneys |
| Paul T. Geske <br> Andrew T. Heldut <br> Colin P. Buscarini <br> MCGUIRE LAW, P.C. <br> 55 W. Wacker Dr., 9th FL. <br> Chicago, IL 60601 <br> Tel: (312) 893-7002 <br> pegeske@mcgpc.com <br> aheldut@mcgpc.com <br> cbuscarini@mcgpc.com | Orly Michal Henry <br> David Kruger <br> LITTLER MENDELSON, P.C. <br> 321 N. Clark Street Suite 1100 <br> Chicago, IL 60654 <br> Tel: (312) 474-7900 <br> ohenry@littler.com <br> dkruger@littler.com |
| *Counsel for Plaintiff and the putative class* | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 31, 2024, I caused the foregoing *Joint Status Report* to be electronically filed using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Andrew T. Heldut