UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN SHORT, <br><br> Plaintiff, <br><br> v. <br><br> MV TRANSPORTATION, INC., <br><br> Defendant. | No. 24 CV 3019 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Short applied to work as a driver for Defendant MV Transportation, Inc. He alleges that MV Transportation violated the Illinois Genetic Information Privacy Act by requesting protected genetic information as part of the application process and seeks to represent a class of plaintiffs. MV Transportation moves to stay these proceedings on the grounds that Short agreed to individually arbitrate all claims arising out of his job application. Short responds that MV Transportation has waived its right to compel arbitration through its litigation conduct. For the reasons discussed below, MV Transportation's motion to compel individual arbitration and stay proceedings is granted.

**I.  Legal Standards**

The Federal Arbitration Act permits a federal district court to compel arbitration when there is (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *See* 9 U.S.C. § 4; *Coatney v. Ancestry.com DNA, LLC*, 93 F.4th 1014, 1019 (7th Cir. 2024). Where a

court has determined that the parties agreed to arbitrate the issues at hand, it must compel arbitration and "on application of one of the parties stay the trial of action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §§ 3, 4. Under the FAA, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). While arbitration is pending, a court should stay proceedings. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

## II. Background

MV Transportation provides paratransit services. [23] ¶ 1.[1] In December 2023, Kevin Short applied for a job as a driver with MV Transportation. [23] ¶ 26. As part of the application process, Short was required to submit to a physical examination and answer questions about his family medical history. [23] ¶¶ 27–28. The job application also included an arbitration agreement, which Short signed. [45] at 2–3; [56] at 4.[2] Among other things, the arbitration agreement includes a delegation clause stating that an arbitrator—not a court—"shall have exclusive authority to resolve any dispute relating to … waiver of this Arbitration Agreement." [45] at 3. The signed

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing. The court has subject-matter jurisdiction over the state-law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2): at least one putative class member is a citizen of a state other than defendant and the aggregate claims of all members of the proposed class are in excess of $5,000,000. [23] ¶¶ 11–13.

[2] Short does not challenge the validity of the arbitration agreement. [56] at 2–3.

agreement also requires parties to bring claims on an individual basis, and not on behalf of a class. [45] at 3–4.

The procedural history of this case is complicated but nonetheless relevant. Plaintiff Carlos Ousley-Brown originally filed the case in April 2024. [1]. The following month, defendants moved to dismiss. [15]. Instead of responding to that motion, plaintiffs exercised their right to file an amended complaint, and Short was substituted in as the named plaintiff. [23]. In July 2024, defendant filed a renewed motion to dismiss, which I ultimately denied in March 2025. [36].

One month later, defendant moved to certify my order for interlocutory appeal. [40]. I denied the motion and set a deadline of April 24, 2025, for defendant to answer the complaint. [42]. On April 24, 2025, the parties filed a joint status report, stating in part: "Defendant's counsel has just become aware of Mr. Short having executed a valid arbitration agreement that covers the claims at issue in this case." [43] at 2. That same day, defendant filed its motion to compel individual arbitration and stay proceedings. [44].

At a hearing on May 15, 2025, I asked defense counsel why it took them nearly a year after removing this case to federal court to notice the arbitration agreement. [52] at 2:14–18. Counsel started by noting that the original plaintiff did not have an arbitration agreement. [52] at 2:19–20. Counsel then acknowledged some degree of fault for this oversight but nonetheless stated that they informed plaintiff's counsel of the finding on April 23, 2025, when the agreement was discovered. [52] at 2:20–25.

3

After plaintiff took the position that defendant had waived its right to compel arbitration, [52] at 3:5–7, I asked the parties to brief the issue. [52] at 6:13–17.

### III. Analysis

#### A. Effect of the Delegation Provision

MV Transportation moves to compel individual arbitration and stay proceedings on the grounds that the parties mutually agreed to arbitrate all claims. [45] at 1. For support, MV Transportation points to the arbitration agreement's delegation provision, delegating an arbitrator the authority to resolve questions of waiver. [45] at 3. Short responds that MV Transportation has waived its right to enforce the arbitration agreement in its entirety by litigating the merits of the case for nearly a year, arguing instead that the court (not an arbitrator) should resolve this question of waiver. [56] at 1.

The right to arbitrate is waivable. *Al-Nahhas v. 777 Partners LLC*, 129 F.4th 418, 424 (7th Cir. 2025). When parties engage in "months, or even years, of litigation," the court must ask whether "the defendant's request to switch to arbitration [has] come too late." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 412 (2022). In other words, "courts, not arbitrators, decide whether a party has waived the right to compel arbitration." *Al-Nahhas*, 129 F.4th at 424.

Plaintiff argues that the inquiry ends there. But the FAA "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (3020). Parties can "agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions." *Henry*

4

*Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019). Thus, though plaintiff cites numerous cases for the proposition that courts should decide whether a party has waived the right to arbitration through litigation conduct, [56] at 4, none of these cases "address what happens when the parties agree to delegate waiver issues to the arbitrator." *Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1349 (11th Cir. 2025).

More specifically, plaintiff relies heavily on *Al-Nahhas*, which was decided earlier this year. But *Al-Nahhas* is silent on the effect of a delegation provision. The arbitration provision at issue in *Al-Nahhas* merely stated that disputes would be resolved by arbitration. *Id.* at 423. This broad language fit the default rule that waiver is presumptively a question for the courts. *See id.* at 425. Because there was no delegation provision, *Al-Nahhas* had no reason to address the recent Supreme Court cases involving delegation provisions akin to the one at issue here. *See Henry Schein*, 586 U.S. at 71; *Coinbase, Inc. v. Suski*, 602 U.S. 143, 152 (2024). *Al-Nahhas* is not inconsistent with the principle that, "absent a successful challenge to the delegation provision, courts must send all arbitrability disputes to arbitration." *Coinbase*, 602 U.S. at 152.

Similar questions of arbitrability can be delegated to an arbitrator and taken away from the courts. "[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 620 (7th Cir. 2024) (quoting *Henry Schein*, 586 U.S. at 69).

5

But even a valid delegation provision can be waived. Implied waiver of a legal right, such as a contract provision, "must be proved by a clear, unequivocal, and decisive act of the party who is alleged to have committed waiver." *PQ Corp. v. Lexington Ins. Co.*, 860 F.3d 1026, 1036 (7th Cir. 2017) (quoting *Ryder v. Bank of Hickory Hills*, 146 Ill.2d 98, 165 (1991)). As discussed below, MV Transportation did not waive its contractual right to delegate arbitrability questions (including waiver of arbitration) to an arbitrator.

### B. Waiver by Litigation Conduct

MV Transportation's conduct in this case was not "a textbook example of a lack of diligence." [56] at 7. True, with more diligence, defendant likely would have come across the arbitration agreement earlier in this case. But in contrast to plaintiff's characterization of this case as involving a "nearly yearlong delay in seeking an arbitral forum," [56] at 7, the timeline suggests that defendant may not have thought to look for an arbitration agreement until *after* I ruled on the motion to dismiss. The original plaintiff lacked any such agreement, so failing to search for Short's agreement is not a sign that MV Transportation knowingly and intentionally waived its rights under it.

In *Kashkeesh v. Microsoft Corp.*, 679 F.Supp.3d 731 (N.D. Ill. 2023), the defendant took various actions that were inconsistent with arbitration, such as removing the case, filing a motion to dismiss, and participating in discovery. 679 F.Supp.3d at 738. Yet, like MV Transportation, the defendant in *Kashkeesh* was "at

most negligent" for failing to identify the arbitration agreement earlier in the litigation. *Id.*

Further, moving to dismiss does not automatically demonstrate a decision to forgo arbitration for litigation. *See, e.g.*, *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 892 (7th Cir. 2020). Plaintiff points to *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co., Inc.*, 969 F.2d 585 (7th Cir. 1992), but that case involved a plaintiff moving for both dismissal *and* summary judgment. *Id.* at 589. And, in contrast to "pleading deficiencies," which are appropriate for arbitration, *see id.*, MV Transportation's motion to dismiss raised a preemption question, unrelated to the specifics of plaintiff's experience. [26] at 7–12.

Considering the totality of the circumstances, MV Transportation did not act inconsistently with arbitration. *See Morgan*, 596 U.S. at 419. There is no evidence that MV Transportation knew about the arbitration agreement earlier, and in contrast to cases cited by Short, MV Transportation promptly notified him of its finding. *See Smith v. GC Servs. Ltd. P'Ship*, 907 F.3d 495, 498 (7th Cir. 2018). Further, preemption is arguably a jurisdictional doctrine. *See, e.g.*, *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). Thus, through its motion to dismiss, MV Transportation did not necessarily submit the case for a decision on the merits. *Smith*, 907 F.3d at 501. The context here does not establish the kind of "clear, unequivocal, and decisive act" that MV Transportation would have needed to take to waive its right to enforce the arbitration agreement.

## IV. Conclusion

MV Transportation's motion to compel individual arbitration and stay proceedings, [44], is granted. Plaintiff Short must initiate individual arbitration under the terms of his agreement with MV Transportation, and this case is stayed pending arbitration. The parties shall file a status report on the progress of arbitration by January 26, 2026.

ENTER:

                                                              Manish S. Shah
                                                              United States District Judge

Date: December 16, 2025